DELWARE, Appellant, vs. DELWARE, Respondent.

*September 12—October 9, 1951.*

For the appellant there was a brief by *Joseph N. Futowsky,* attorney, and *Arlo McKinnon* of counsel, both of Milwaukee, and oral argument by *Mr. McKinnon.*

*H. William Ihrig* of Milwaukee, for the respondent.

GEHL, J. We consider it unnecessary to recite in any great detail the history of the relationship between the parties and their conduct. They were married on August 24, 1935. After about seven years of married life the husband, with some basis in fact, became suspicious that the wife was associating with another man. She spent a number of evenings away from their home until late hours. Finally, on November 7, 1942, at 3 a. m., to "teach her a lesson" he locked the door of the house and she was unable to enter. She returned the next day, gathered her clothes and, except for an occasional meeting, sometimes for discussion of the subject of reconciliation, they have lived apart.

There is some dispute as to what took place at these meetings, but we find it unnecessary to consider the testimony in that respect, except as it bears upon the question whether defendant's refusal to resume the marital relation was wilful and unreasonable. If it was not, the trial court properly denied the divorce. To constitute desertion there must be an unreasonable refusal to terminate the separation and an intention of continuing the separation. *Schopps v. Schopps,* 188 Wis. 151, 205 N. W. 829. There must be a fixed and deliberate intention to terminate the relation. 27 C. J. S., Divorce, p. 562, sec. 35.

In his memorandum opinion the trial judge said that since November 7, 1942, the parties lived apart, "each party blaming the òther for not arriving at some agreement to re-establish their marital status." The same expression is contained in the formal findings. Apparently, this conclusion is based upon the wife's testimony that at the meetings at which the resumption of the relation was discussed the plaintiff demanded that as a condition she consent that she work and "bring all checks home to him," and that he was to take charge of all the money she made, that she was to "stay home under his jurisdiction at all times," that he made no effort to provide a home and that he did not want

to keep up a house; and her testimony that he wanted to be alone and to be free to come and go as he wished.

From the quoted portion of the opinion and the finding referred to, it appears that the court determined that the wife's refusal to resume the marital relation was not unreasonable. We cannot say that the evidence preponderates against the finding that the severance was the result of disagreements, nor avoid the necessary implication that it was these disagreements rather than an unreasonable refusal on the part of the wife to resume the relation which caused the continued severance.

*By the Court.*—Judgment affirmed.